UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
===========================================================

RLI INSURANCE COMPANY,

                Plaintiff,

v.

AST ENGINEERING CORPORATION,
CORAL CRYSTAL LLC,
FEDERAL INSURANCE COMPANY,
McARTHUR MORGAN, LLC,
SEA BREEZE GENERAL CONSTRUCTION, INC.,
J.V.C. GROUP N.Y. CORP.,
PHILIBERT ENGINEERING, P.C., and
GRAD URBAN DESIGN, INC.,

                Defendants.
===========================================================

**DECLARATORY JUDGMENT COMPLAINT**

Civ. Action No.: _____

Plaintiff RLI Insurance Company ("RLI"), by and through its attorneys Kenney Shelton Liptak Nowak LLP, for its complaint herein alleges upon information and belief:

1. RLI is an Illinois corporation with its principal place of business in Illinois.

2. At all relevant times, defendant AST Engineering Corporation ("AST") was a New Jersey corporation with its principal place of business in New Jersey that was licensed to provide, and did provide, professional engineering services in New York, including the engineering services that are the subject of this action.

3. Defendant Coral Crystal LLC ("Coral Crystal") is a New York limited liability company with its principal place of business in New York.

4. Defendant Federal Insurance Company ("Federal") is an Indiana corporation with its principal place of business in New York.

5. Defendant McArthur Morgan, LLC ("McArthur") is a New York limited liability

with its principal place of business in New York.

6. Defendant Sea Breeze General Construction, Inc. ("Sea Breeze") is a New York corporation with its principal place of business in New York.

7. At all relevant times, defendant J.V.C. Group N.Y. Corp. ("J.V.C.") was a New York corporation with its principal place of business in New York.

8. Defendant Philibert Engineering, P.C. ("Philibert") is a New York professional corporation with its principal place of business in New York.

9. Defendant Grad Urban Design, Inc. ("Grad Urban") is a New York corporation with its principal place of business in New York.

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. section 1332(a)(1) based upon complete diversity of citizenship of the parties and an amount in controversy that exceeds $75,000.

11. Venue is proper in this Court pursuant to 28 U.S.C. section 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

12. On or about December 10, 2012, an action was commenced in New York State Supreme Court, New York County, captioned (as amended) Coral Crystal LLC v. McArthur Morgan, LLC, Sea Breeze Gen. Constr., Inc., and J.V.C. Group N.Y. Corp., with three third-party actions thereto: (a) J.V.C. Group N.Y. Corp. v. AST Eng'g Corp. and Structural Eng'g Techs., P.C.; (b) AST Eng'g Corp. v. Metric Consulting & Inspection, Inc.; and (c) AST Eng'g Corp. v. Safety Dynamics, LLC and Philibert Eng'g, P.C. (Index No. 158736/2012) (together, the "Coral Crystal action").

13. On or about August 10, 2015, an action was commenced in New York State Supreme Court, New York County, captioned (as amended) Federal Ins. Co. a/s/o Coral

Realty, LLC v. McArthur Morgan, LLC, Sea Breeze Gen. Constr., Inc., J.V.C. Group N.Y. Corp., TSF Engineering, PC, Structural Eng'g Techs., P.C., and Grad Urban Design, Inc., with four third-party actions thereto: (a) J.V.C. Group N.Y. Corp. v. AST Eng'g Corp.; (b) AST Eng'g Corp. v. Metric Consulting & Inspection, Inc.; (c) AST Eng'g Corp. v. Safety Dynamics, LLC, Philibert Eng'g, P.C., and Structural Eng'g Techs., P.C.; and (d) J.V.C. Group N.Y. Corp. v. Safety Dynamics, LLC, Philibert Eng'g, P.C., and Structural Eng'g Techs., P.C. (Index No. 158238/2015) (together, the "Federal action").

14. AST is named as a third-party defendant in both the Coral Crystal and Federal actions (together, the "underlying actions"), in which the plaintiffs allege, *inter alia*, that a building at 129 Third Avenue (a/k/a 201 E. 14th Street) in Manhattan was damaged on or about December 5, 2012 as a result of certain construction work at an adjacent property at 133 Third Avenue.

15. McArthur, Sea Breeze, J.V.C., and Philibert have asserted third-party claims, cross-claims, and/or counterclaims against AST in Coral Crystal.

16. J.V.C., Philibert, and Grad Urban have asserted third-party claims and/or cross-claims against AST in Federal.

17. In Coral Crystal and Federal, it is alleged that AST served as an engineer for a concrete subcontractor at the construction project at 133 Third Avenue, that AST's services included site inspections and providing engineering services and certified design drawings for concrete placement at that project, and that AST failed to provide adequate and prudent professional engineering services.

18. RLI issued AST a Professional Liability Policy for Architects & Engineers (No. RDP0010096) for the period March 22, 2013 to March 22, 2014 ("the RLI policy").

19. Subject to its terms and conditions, the RLI policy includes professional liability coverage on a claims-made-and-reported basis subject to a $1 million per-claim limit.

20. The RLI policy (RDP 101 (01/09)) includes the following insuring agreement:

> [RLI shall] pay on behalf of the **Insured** all sums in excess of the Deductible, which the **Insured** shall become legally obligated to pay as **Damages** or **Claim Expenses** as a result of a **Claim** for a **Wrongful Act** to which this insurance applies, including a **Claim** for a **Wrongful Act** for **Personal Injury** or **Pollution Incident**.
>
> This insurance applies to a **Claim** for a **Wrongful Act** to which this insurance applies, only if:
>
> (i) the **Claim** is first made against the **Insured** during the **Policy Period** and first reported to the Insurer, in writing, during that **Policy Period** or within sixty (60) days after the end of that **Policy Period**;
>
> (ii) such **Wrongful Act** was committed subsequent to the **Retroactive Date(s)** stated in Item 6. of the Declarations; and
>
> (iii) none of the **Insured's** directors, officers, principals, partners or insurance managers knew or could have reasonably expected that such **Wrongful Act** might give rise to a **Claim**, either prior to the inception date of this Policy, or the inception date of an earlier policy, where this Policy is issued by the Insurer as a continuous renewal or replacement of such earlier policy, issued by the Insurer.

21. The RLI policy (RDP 101 (01/09) as amended by RDP 650 (12/09)) defines "Claim(s)," "Professional Services," "Retroactive Date," and "Wrongful Act," in relevant part, as follows:

> **"Claim(s)"** means a demand received by the **Insured** for money or services and which alleges a **Wrongful Act. Claim(s)** includes but is not limited to lawsuits, petitions, arbitrations or other alternative dispute resolution requests from against the **Insured**.
>
> \* \* \*
>
> **"Professional Services"** means those services the **Insured** is legally qualified to perform for others in the practice of architecture, engineering,

> land surveying, landscape architecture, interior design, construction management, environmental consulting, land planner, space planner, technical consultant or expert witness.
>
> \* \* \*
>
> **"Retroactive Date"** means the date specified in Item 6. of the Declarations.
>
> \* \* \*
>
> **"Wrongful Act"** means a negligent act, error, or omission, in the performance of **Professional Services** by an **Insured** or any person or entity for which the **Insured** is legally liable.

22. The RLI policy's declarations (RDP 100 (01/09)) at Item 6 state the RLI policy's Retroactive Date is March 22, 2013.

23. The RLI policy (RDP 101 (01/09) as amended by RDP 655 (02/10)) states:

> **Representations**
>
> The **Insureds** represent and acknowledge that the statements and information contained in the Application are true, accurate and are the basis of this Policy and are incorporated into and constitute a part of this Policy; and shall be deemed material to the acceptance of this risk or the hazard assumed by the Insurer under this Policy.

24. The policy defines the term "Application" to include AST's March 21, 2013 professional liability insurance policy application to Travelers, including AST's representations therein at questions 34-35:

> Has any claim involving professional services been made against any of the following during the past five years . . . a. You, your firm, or any member of your firm? [Answer:] No.

and

> Do you or any person seeking coverage under this proposed policy have knowledge of any incident, act, error or omission involving professional services that could reasonably be expected to be the basis of a claim? [Answer:] No.

25. RLI is currently defending AST in the underlying actions subject to a reservation of rights.

26. Without taking any position with respect to AST's alleged liability to any party in the underlying actions, discovery in those actions shows that the alleged "Wrongful Act" by AST that might form a basis for AST's liability was AST's preparation and sealing of certain drawings on or about October 28, 2012, which pre-dated the RLI policy's March 22, 2013 Retroactive Date, thus placing the underlying claims against AST outside the scope of coverage under the RLI policy.

27. No later than February 25, 2013, and prior to its March 21, 2013 application for the RLI policy, AST was made aware of the December 5, 2012 incident and resultant property damage.

28. Specifically, and without limitation, AST visited both properties to perform an inspection of the buildings and the damage, and then prepared a report dated March 1, 2013.

29. No later than February 25, 2013, prior to the inception date of the RLI policy, AST knew or could have reasonably expected that its preparation and sealing of engineering documents in October 2012 constituted a "Wrongful Act" that might give rise to a "Claim," thus placing the underlying claims against AST outside the scope of coverage under the RLI policy.

30. RLI brings this action pursuant to 28 U.S.C. section 2201 to obtain judgment declaring its rights in connection with any and all claims for coverage under the RLI policy in connection with the underlying actions and the matters alleged therein.

## FIRST CAUSE OF ACTION

31. RLI repeats and incorporates paragraphs 1 through 30 above as if set forth herein in full.

32. The alleged "Wrongful Act" by AST that might form a basis for AST's liability was AST's preparation and sealing of certain drawings on or about October 28, 2012, which pre-dated

the RLI policy's March 22, 2013 Retroactive Date.

33. The claims against AST in the underlying actions are outside the scope of coverage under the RLI policy.

34. RLI is entitled to judgment declaring that it has no obligation to defend or indemnify AST in connection with the underlying actions or the incident and damages alleged therein.

## SECOND CAUSE OF ACTION

35. RLI repeats and incorporates paragraphs 1 through 34 above as if set forth herein in full.

36. No later than February 25, 2013, prior to the inception date of the RLI policy, AST knew or could have reasonably expected that its preparation and sealing of engineering documents in October 2012 constituted a "Wrongful Act" that might give rise to a "Claim."

37. The claims against AST in the underlying actions are outside the scope of coverage under the RLI policy.

38. RLI is entitled to judgment declaring that it has no obligation to defend or indemnify AST in connection with the underlying actions or the incident and damages alleged therein.

## THIRD CAUSE OF ACTION

39. RLI repeats and incorporates paragraphs 1 through 38 above as if set forth herein in full.

40. No later than February 25, 2013, prior to the inception date of the RLI policy, AST knew or could have reasonably expected that its preparation and sealing of engineering documents in October 2012 constituted a "Wrongful Act" that might give rise to a "Claim."

41. Without RLI's prior knowledge or consent, AST applied for and procured the RLI policy to attempt to secure insurance coverage for a known loss, which is uninsurable under New York law.

42. RLI is entitled to judgment declaring that it has no obligation to defend or indemnify AST in connection with the underlying actions or the incident and damages alleged therein.

**WHEREFORE**, RLI is entitled to and demands judgment declaring that it has no obligation to defend or indemnify AST in connection with the underlying actions or the incident and damages alleged therein, and granting such other and further relief as the Court deems just and proper.

Dated:  February 23, 2019           Respectfully submitted,

KENNEY SHELTON LIPTAK NOWAK LLP


By:  _____s/_____
Timothy E. Delahunt
Bar Roll. No. TD-2791
*TEDelahunt@kslnlaw.com*

233 Franklin Street
Buffalo, New York 14203
Tel.: (716) 853-3801

*Attorneys for plaintiff RLI Insurance Company*